Brad Conway, lead plaintiff, pro se
25 Egbert Ave.
Morristown, NJ 07960
973 944-0797
brdconway@gmail.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

# 17CV 8245

                              :
Belize AC FLLC Voting Trust,
Brad Conway, and Jane Does 1-2 and      **VERIFIED COMPLAINT**
John Roes 1-3, plaintiffs
v.                            :   Civil Action No.
Todd Conway, Fred Farkouh,
Charles Fabrikant, Hazim Audalla,
& American Arbitration Association,   Demand for Jury Trial:Yes
defendants, and Autoclear LLC as
necessary party defendant

---

### STATEMENT OF FACTS AND ISSUES

1. This is an action for a declaratory judgment that 1) the

   Autoclear LLC (FLLC or LLC) Board and officers election held

   with advance notice on the afternoon of February 8, 2016

   (2/8/16 or 2/16) by an affirmative supermajority FLLC

   Membership interests vote (60% Majority Election or 2/16

   Election), see Exhibit B of the FLLC was valid and effective

   under applicable law and not arbitrable, 2) for an interim

   declaratory judgment that the American Arbitration Association

(AAA) must follow the Large Complex Case Rules (LCC Rules),
and 3) for Racketeer Influenced and Corrupt Organizations Act,
18:1961-1968 ("RICO") and other damages, reinstatements of
prior book entries regarding employees and owners economic and
voting interests; and fees for a pattern of unlawful behavior
by defendants from 2015 through the present.

2. The 60% Majority Election per the governing chosen law and
mandatory forum, both pursuant the FLLC statute, and the
Operating Agreement as amended by 2/8/16 (OA); re-electing or
electing back-in, the long status-quo, incumbent 3 Managers
(plus 2 foreign national/residents), and the prior
longstanding officers, in place of the 7  temporary absentee
"managers" led by novice manager Todd Conway ("the Todd
managers"), made a president for the first time of anything.
The Todd managers in "power" by motion order of a new NJ state
equity motion judge, confirming a Federal Arbitration Act
(FAA) AAA summary judgment award per a November 16, 2013
election (the "Todd 11/13 or 11/13 election"), only made
effective earlier on 2/8/16 due to a**ll the award
irregularities and doubts. While that o**ld election can be

subject to review and appeal in Belize courts as the then
certified place of FLLC organization, and due to the Duress,
the Todd 11/13 election is *not* the subject of this case, as it
has or should supersede, plaintiffs and the over 60% Member
interests maintain in their later 2/16 Election over two years
later, prepared for, even elected or voted twice on notice.
All Todd valid proxies were counted against the election, and
their representatives were heard before vote were counted by
the FLLC Investor Relations.

3. The Manhattan-based AAA is a defendant here in a separate
fourth count for a declaration [to the extent it ever had
subject matter jurisdiction (SMJ) over the 2016 vastly
"amended phase 2" claims and parties, with no valid existing
arbitration clause from 10/15/15 forward, nor anytime in 2014
or earlier in 2015 per the applicable FLLC documents of
record], on such "amended Phase 2" claims, for relief
declaring that the AAA must observe, has no discretion to
disregard, its own mandatory Large Complex Commercial Case
Rules (LCC Rules) as written--to wit, regarding the prescribed
selection rights of a normal, mandatory (default) panel of

3

three LCC listed arbitrators for defendants' claims once they became subject to the LCC Rules. At no point did the parties therein (lesser parties than here) agree in writing or otherwise to a sole arbitrator from any list not picked by the parties, quite the contrary.

4. Four plaintiffs/respondents (three are part of the Belize AC FLLC Voting Trust, as represented by Brad Conway, its sole Trustee, are recently parties to that 2016 materially amended AAA Phase 2 case, and have formally requested, including by AAA senior review having exhausted that highest AAA recourse recently, plainly requested, and declined to waive that default LCC Rule, and their right. That caption, parties and amount in dispute changed remarkably by mid 2016, and differs from this action which is mainly based on other claims and relief arising long after the AAA matter was originally filed in 5/11. Over five years later, and concerning differing parties that had not even yet been determined, the AAA first announced and conceded that the LCC rules were applicable in 7/16, requiring 3-person panel selection from the more qualified LCC roster of arbitrator candidates, after a full

4

administrative meeting of all parties and no arbitrator candidates, to go over appropriate panel parameters.

5. The AAA branch clerical staff instead default "relied upon" an untrue allegation by the Norris Mclaughlin law firm with offices in NYC ("Norris"), who admitted for defendants that they knew it had never been called or treated as a LCC before, contradicting the AAA's even odder theory, that I and the other defendants to be had nonetheless "waived" our rights to a full panel from the LCC roster pursuant to the LCC Rules, by my having participated in the prior phase 1 under the Regular Commercial Rules, years before very amended claims in a later phase made it a LCC case, upon major change of parties, vastly increased claim amounts and other complex and material changes. It was obvious that the AAA personnel in Providence, R.I. did not want to be bothered with any extra work for the same fixed fees, or had taken a personal liking to the previous, very elderly sole arbitrator. In any event, no one party would have been had any ability as the AAA clerk or their boss has clung to, to waive a right they did not yet have, nor on behalf of parties who were not remotely parties

then, and whom I did not then represent, on transactions that

had not taken place, either before Todd/defendants' much

higher dollar pleadings, far more parties added, converted the

amended case into a Large Complex Case in 6/16.

6. The AAA took this position to ignore their own LLC rules even

before the vast majority of parties were determined, largely

by actions of the then sole plaintiff, the LLC, who had been a

defendant in the 2011 OTSC litigation and AAA referral. Brad

Conway certainly never waived or delayed asserting his rights,

once it was first declared an LCC on 6/28/16 by email from the

AAA. Pursuant to well established federal law in the ongoing

Arbitral Convention, FAA Article 2 case, '16-materially

amended Phase 2, any applicable AAA Rules automatically are

incorporated into the applicable contract, here the OA; in

2011 it is now uncontested that that older OA as then amended

contained a one sentence valid AAA clause. It is strongly

contested whether any existed in either late 2015, 2016 or

today, and at other times. Those claims did not become LCC

claims until late 6/16 because defendants/respondents had only

then materially altered, increased and added to their monetary

6

claims-- in fact according to AAA Commercial Rules, changing their claims from a regular to a LCC case, as then and only then first acknowledged by the AAA.

7. The third count is a RICO damages claim for breaches of duty and violations of the OA for actions taking place mainly in 2016 through the present. One such RICO conspiracy among all individual defendants and three other backers has been the transfer or assignment of the Todd managers' debts and obligations incurred while mere activist investors in 7/13, to try to "buy" an as yet unannounced 11/13 election, for well over $500,000, evidenced in a letter, at least one contract, and series of amendments and documents between Todd, the Todd managers, the Norris firm and Mr. Audalla's law firm in NY/Texas, Bracewell, regarding the above 11/13 election, 7/13 vote-rigging contract.

8. An intercepted letter (Exhibit A) explains how Norris and Todd and others conspired to transfer that huge debt obligation secretly to the LLC, without authority or notice to the owners, and in breach of the OA and their fiduciary duties in 2016 and 2017. Discovery should lead to other transactions and

7

misdeeds to rig other person's votes, or to illegally
compensate the Todd managers, through conduits or firms they
control, or directly. There have been various attempts to buy
witness testimony for money or equivalent inducements, and to
scare various John and Jane Roe witnesses into not testifying
truthfully at all, or to falsely testify.

9. These illegal and secret transfers, assignments,
offers,payments and promises to pay, where individual
defendants caused the FLLC in and around 2016 to take over and
pay their prior personal payment obligations, or for false
testimony or remaining silent, were also never disclosed in
discovery, but were knowingly and repeatedly concealed, and
later covered up with false statements by defendants and
Norris for at least two years, along with vote and
certification rigging for four years running, from several
court and arbitration proceedings, all without authority or
any disclosure to the FLLC Members or owners, and without
disclosing the documents.

10.  Norris was directly involved in these dealings and coverups,
not remotely privileged, indeed entrenched in the illegal

deals and coverup, and false statements under oath. One central document describing these was sent purportedly to Todd and Norris by another law firm representing defendant, Mr. Audalla, but accidently also relayed to Brad Conway, Exhibit B, and shown to other plaintiffs. So both Todd, Fabrikant, Norris, and others, who represented repeatedly that no such documents ever existed, engaged an illegal cover-up involving many hundreds, probably well over a thousand of pages of documents, contracts and emails.

11. From 1988 to 2004 one Member (and prior Limited Partner) was always a citizen of Argentina, until their passing. From 2001 until the present Cosmopolitan Shipping Co. Inc. has been an investor, involved almost exclusively in foreign flag oil tanker crew employment and management from Taiwan, Korea, Italy and other countries, dispatching tankers globally, with extensive ongoing federal admiralty suits. Numerous FLLC owners have been foreign nationals, nationals or residents of multiple countries and/or now reside abroad. One was an owner at all relevant times according to the FLLC Books and Records since 2008.

9

12.  The OA contract upon which this dispute is based, as well as
     ILLCA, International Limited Liability Act of Belize, 2012 the
     governing LLC Act of Organization, has always had an
     inherently global nature, united as it has investors and
     Members from, and with plants and offices all over the world,
     in anti terrorism, and anti-narcotics, weapons or contraband
     design, purchased and used by 165 governments all over the
     globe. Half of the FLLC's acquisitions have come from abroad;
     it owns companies and intellectual property globally, owns
     real estate and inventory in three countries, leases in many
     more, paying income taxes, duties and other taxes, and does
     business, sues and is sued in scores of nations, employing
     sales and service agents in nearly every country, and more
     than one in most countries, all in the global fight against
     terrorism, gun, drugs and other contraband smuggling or
     misuse, and other crimes. Since 2012 to the present, many
     plaintiffs mostly John and Jane Roes were or are key FLLC
     employees and foreign nationals. Some are dual citizens.

13.  Defendants have sought to strike plaintiffs economic
     interests and disenfranchise them without due process,

10

altering the Books and Records illegally, including IRS and
other federal records. Plaintiffs seek expedited discovery of
key documents, to aid in drafting key discovery requests, and
to see whether Norris has any credible case to continue to
represent anyone in this case, or the FLLC at any relevant
time, and as to whether Norris will be a necessary witness or
even to be added as a party to the case. Defendants under
Norris advice are refusing to hand over any of these highly
damaging related documents involving injury to the FLLC and
thereby all its owners.

14.            PARTIES   Party information is listed on the
last page of this Verified Complaint. All parties, except for
the Manhattan AAA, were at all relevant times contracting
parties to, and Members pursuant to the FLLC OA, its main
governance contract governing who votes, and relations among
voters and other owners, the Managers and the FLLC. All were
targeted by defendants except the AAA, due to their voting
interests and how they voted in the past or voted proxies or
both. Plaintiffs all have signed the OA. Defendants on notice,
abstained from the 2/16 Election vote (their interests

11

therefore automatically were counted against approval).

15.   Plaintiffs John Roe's 1-3 and Jane Doe's 1-2 consist of FLLC employees or former employees, Members whose voting and economic interests have been wiped clean or "canceled" from the official FLLC Books and Records, and recent Treasury 1065 "K-1" filings by the individual defendants or caused by them in the name of the FLLC around late 2016-17. Any and all, if their names are revealed, or are allowed to be individually identified and singled out, stand to be punished by defendants in a variety of mostly economic ways, such that none could remotely vindicate their rights if their names were revealed.

16.   At least four plaintiffs are foreign nationals residing overseas. Others are foreign-born with dual citizenships, green cards or are recently naturalized. Six are have been plaintiffs in Belize against Todd involving various related claims and seeking declaratory relief. Defendants apparently knowingly interfered with their legal representation and matter there, misrepresenting facts to officials and Belize nationals, and have otherwise expressly violated ILLCA and other Belize statutes. Some above were Managers right before

12

2/16. Nearly all Roe plaintiffs use English as their second or third language. All above, none were represented by counsel or accorded any real due process in 2016-17, but indemnity and advancement from the LLC will be sought, have been subjected to various forms of illegal economic confiscation, duress, threats, misrepresentations or offers of money to alter testimony or proxies, cover up or make up facts, or oppression by Todd, and/or Norris.

17.   A few were in 2016 coerced in various ways. The John and Jane Roes desire and deserve, including when the duress and obstruction is neutralized or removed, to have their jobs and livelihood unaffected by retaliatory moves by defendants, without forfeiting their earned property and pay compensation rights herein. Individual defendants have pressured or oppressed these Roe's and other plaintiffs all over the globe, some of which have even been physical in nature, as plaintiffs will stop at nothing to "win", with large monetary spoils.

18.   Autoclear LLC in any event is a necessary party as the very subject of the 2/8/16 Election, having a strong interest in deciding Board elections according to the OA, FLLC statute and

13

fairly, and as a central contracting party to the OA. It does
business, employs workers in many countries such as the
Philippines, U.S. (including NYC), Canada and France, and was
domiciled in Belize, a British Commonwealth system country,
<u>Arbitral Convention</u> Party and ally, at all relevant times. The
FLLC is the parent of Philippine, Canadian and French
subsidiaries, with operations in all the above places, and
others, and with its main factories in Luzon, Philippines and
Ottawa, and a lesser but longstanding factory in Fairfield,
N.J.

19.  The LLC became a Belizean FLLC on May 15, 2013 as evidenced
by certificates of domiciliation there, and related U.S.
certificates of cancellation, and of doing business as a
foreign LLC (FLLC) in NJ and the U.S.,  renewed in 2014, 2015
and 2016, and some more recently, which shifted the governing
OA law effective 5/15/13 on new OA and governance claims or
causes going forward, from NJ to Belize law expressly pursuant
to both NJ and Belize LLC statutes, under prevailing conflicts
of laws principles, and per the OA by supermajority rule, by
member-ratified and directed, and manager authority, all of

14

which OA terms all Members and investors had agreed to by
signing,  many times. The FLLC has customers, agents and
vendors all over the world, and typically over half its sales
and income come from overseas.

20.  At all relevant times plaintiff Belize AC FLLC Voting Trust
(Belize Trust), f/k/a  is a voting trust formed by various
closely-related LLC Members who had assigned their voting
rights or proxies to the Belize Trust as a voting block, and
containing one French dual national. Many other non party
Members, many foreign nationals or dual citizens, voted for
the OA, various amendments and in the 2/16 and 1/29/16
Elections. The FLLC has at all relevant times been a
domiciliary of Belize, with Ireland, Canadian, French and two
Philippine subsidiaries, and offices and factories in many
countries, and customers and agents in over 150 countries.

21.  Defendant Hazim Audalla, at all relevant times has been a
national of Egypt, and a resident of Sharjah, U.A.E., and at
times a resident of Manhattan per his IRS tax returns and
resume, doing business and having lived or living in
Manhattan, an FLLC employee or ex employee, frequently

15

visiting Manhattan where he also has long had his white collar lawyers, the Bracewell firm. He is an FLLC investor. Todd "hired" him back after he was discharged in early 2013 for years of extensive wrongdoing, breaking numerous laws, and breaching contracts and numerous torts including conversion of extensive FLLC inventory and property, impersonating FLLC employees and officers from 2013 through 2015, and defrauding customers, and likely wire fraud or illegalities, all or most believed to have been authorized by Todd and or with knowledge of other defendants,

22.   Fred Farkouh is a domiciliary or resident of Manhattan, a licensed CPA there, and Charles Fabrikant is a resident of Florida, past or present resident of Manhattan, a past or present Manhattan attorney, who has long maintained Board offices in Manhattan and visits frequently. They are both along with the other defendants other than the AAA, believed to have authorized Todd and Audalla to commit, or knew they were committing wrongful acts from 2010 through present, and who wrongfully approved a $500,000 assignment of their personal obligations and debts contracted to Audalla and/or

16

his Manha- ttan lawyers in 2013, to the FLLC in 2016 illegally and secretly, and evading discovery in various matters on the same.

23.   Charles Fabrikant may have other residences abroad and/or in Texas, as well as Florida, and possibly NYC still, and has done extensive business in NYC. He also has done substantial business with various law firms and service providers based in Manhattan, through his employer Seacor Holdings, and entities he controls, and personally. All four "individual defendants" (Fred Farkouh, Todd, Charles Fabrikant and Hazim Audalla) may have been expelled from the FLLC as Members as of 2014 pursuant to Belize law. The arbitrator has not recognized any choice of law or forum in statutes or the OA, or pursuant to conflicts of law, to the extent he or the AAA has SMJ over certain Phase 2 claims at certain times. He claimed no jurisdiction over the 1/29/16 or 2/8/16 Elections, nor over many claims or counterclaims involving 2015-7.

24.   All individual defendants have been represented in related cases by Norris, a law firm with offices in Manhattan, and who purports wrongly to represent the LLC. Three individual

17

defendants including Todd purport to be on the LLC Board which they claim has "met" several times and conversed and emailed in Manhattan, and also engaged other Manhattan based law, accounting and other service firms. Todd has operated and owned a sweater manufacturer which has done extensive business in Manhattan, and used to own and reside in Manhattan, and pay taxes there. At all relevant times, defendant Todd, now "Acting" as FLLC CEO, unemployed from 2010 until 2/8/16, and suspended in 2010 for wrongdoing and creating massive liabilities caused by Audalla and himself, Todd is a resident of NJ and Grenada; past resident of the Bahamas, and his wife, an FLLC investor, has been a UK national.

25.  The OA was replaced by over 60% Membership vote, on prior notice to all outstanding interests, on 10/30/15, and that OA was amended on 12/13/15, 1/6/16 and 1/27/16 by similar vote. The 2/8/16 afternoon over-60% majority interests Board and Officer Election, was also pre approved and anticipated, prior-ratified by a similar over 60% interests majority Election on 1/29/16, even prior to any Todd Managers being legally declared briefly effective, so resolute and united

were the 60% supermajority of Members, to protect the FLLC
from harm or abuse.

<u>JURISDICTION AND VENUE</u>

26.  The jurisdiction of this Court is proper under 28 U.S.C. §
1331 because it arises under a federal treaty and/or under
federal laws, <u>1959 U.N. Convention on the Recognition and
Enforcement of Foreign Arbitral Awards</u> ("the <u>Arbitral
Convention</u>") <u>aka</u> the <u>New York Convention</u>, incorporated into
federal statute 9 <u>U.S.C.A.</u> § 201 et seq. of the <u>Federal
Arbitration Act ("the FAA"</u>, which treaty the U.S. is a party
to, a federal question case. To fall under Article 2 of the
<u>Arbitral Convention</u>, at least one contracting party to the OA
allegedly containing a valid existing arbitration clause at
the right time that the claims were validly made, must be
foreign or the OA in question must be of an international
nature, even if the alleged valid arbitration takes place
entirely in the U.S. The FLLC OA contract at issue is global
in nature, because it governs a Belize-organized global firm,
doing business in 170 countries, and plants and physical
offices in about eight, agents in all 170, which makes, sells

19

and services most of its products abroad. Also among the other 39 or so OA parties are at least seven other foreign nationals, one of which is defendant Audalla, an Egyptian national.

27.   The FLLC has always had foreign nationals who were owners, most also FLLC Members. The Federal Courts have exclusive federal question jurisdiction under the <u>Arbitral Convention</u>. Todd and Norris have already maintained these matters are or should be AAA arbitrable. The original OA arbitration clause in 2011, now removed, did not specify venue, but now venue is not in arbitration anywhere, an issue here according to defendants.

28.   Even the arbitrator himself would <u>not</u> accept jurisdiction over most post 2015 claims or any counterclaims, unless they related to claims and events in 2011, and dismissed many in 2016 <u>without</u> prejudice to filing them here. Plaintiffs never waived any rights to say that any of these, or even the prior 2013, very different (indeed an opposite much prior election) was arbitrable, and certainly in 2016 have also not waived any rights to federal jurisdiction.

20

29.  No state court has concurrent jurisdiction over the 2/8/16

afternoon election, or these claims, and no motion was brought

in any such court to decide either the arbitrability versus

justiciability, or the success of that election under the

Arbitral Convention or otherwise. The injunction does not

prohibit, nor could it as federal circuit cases do not allow

either an arbitrator or a judge generally to enjoin, the

contracting parties from proceeding either in federal or

foreign courts on claims they find within their jurisdiction.

The sole rural NJ arbitrator, 84, who has been highly

parochial and not looked to choice of law or forum, statutory

or otherwise, has purported to do so indefinitely with respect

to foreign actions, unlawfully under federal and Belize law,

but not in federal court or pursuant the Arbitral Convention.

30.  Venue is proper in this District under 28 U.S.C. §§1391(a)

and 1391(c). This court has personal jurisdiction over

defendants who either reside in or have done extensive

business in Manhattan, including conducting FLLC "Board"

meetings in Manhattan; over Hazim Audalla, because he has

declared taxes and does business in Manhattan, has listed 230

21

E. 30th St., Apt 2A,NY, NY as his residence here, and has his attorneys here, and still visits and conducts business here in Manhattan. He is an Egyptian national who has worked and lived both in Dubai and Sharjah UAE, and Manhattan, and has claimed to have lived while married in Manhattan.

31.  One of the main subject matters of the litigation is a contract negotiated and signed in NYC between a NYC law firm, Bracewell acting in its own capacity as principal allegedly, and involving its client, LLC employee Audalla, but with NYC residents and other persons who work in NYC like Dave Bondy, Fred Farkouh and Todd Conway, who work and often do business in Manhattan. All of the hidden $500,000 contracting parties had held FLLC Board meetings and negotiations in Manhattan. Norris as an active amender or agent in that contract, with much to gain financially, and has major offices in Manhattan. Prior attorneys of defendants were also in Manhattan when they planned their first election in 2010 that failed. Manhattan has an interest that this wrongdoing not remain hidden or unremedied there. Many other FLLC owners have lived and worked in NYC, more so than in any other state.

32.   The FLLC has done extensive business with many entities in
Manhattan including the City of NY and the Federal Courthouse
in Manhattan, and tens of corporations such as Chubb, AIG,
Merrill Lynch, numerous banks, insurance companies, media
companies, the NYC Police, NYC Schools, Department of the
Homeless, Rikers Island Correc- tional, Office of the Mayor,
Empire State Building, etc.

33.   The Arbitral Convention has 157 parties, is a U.S. Federal
Treaty, and Article 2 of the FAA with substantial application
to these OA matters,both in Phase 2 pre-2013 or other matters;
and to all four Counts. Many contracting parties to the OA are
foreign nationals, including the FLLC itself, at all relevant
times, and the FLLC OA contract itself is of a global nature.

34.  Individual defendants except Audalla had claimed in 2011 in
state court that their own claims were not arbitrable under
any AAA clause then existing, while plaintiffs believed that
the then-2011-existing clause was valid. The court agreed and
ordered arbitration on those present claims. Both sides
briefed that the then OA governance issues were governed by
the FAA and that the courts,  determine any arbitrability vs.

23

justiciability issues, not any arbitral body. Defendants later
argued that the AAA could finally determine arbitrability,
which was contrary to all law.

35.   Individual defendants later maintained, after the AAA clause
      had been removed in 2013 both by operation of statute and also
      by 6/13 and subsequent Amendments to the OA by the
      supermajority of Member interests, ironically that the secret
      and sudden 11/16/13 Todd manager election was arbitrable, per
      unilateral SMJ determinations by an arbitrator, which
      benefited him financially and otherwise, and who appeared to
      confuse "competence-competence" with SMJ and an ability to
      usurp the court's powers. Even the AAA has not taken that as a
      position. Also at the time of the original OA clause agreed to
      in 1995, the AAA Rules did not allow the arbitrator to
      determine arbitrability.

36.   The Members removed the AAA clause in 2013, because the
      governing FLLC statute of the place of organization by 5/13,
      ILLCA, the full language of which is available online, and to
      which all parties have had repeated access,  expressly
      supersedes any arbitration. The LLC was then redomiciled for

24

many reasons, including deferring and reducing costly taxes (and similar independent efforts were then taken in other high countries like France); to adopt a better, clearer FLLC statute when a new statute was destined to replace the old domestic LLC statute in a way that neither the LLC, the Managers nor the Members approved of.

37.   The Belize organization adoption set up a future tax deferral strategy proven and adopted by other high tech multinationals in Ireland, in conjunction with non-treaty countries like Belize, the Netherlands, Luxembourg, the UAE, the Caymans, Bermuda and the Bahamas, to avoid placing U.S. multinationals at a strategic competitive disadvantage with the many foreign competitors which pay one tax, and/or lower tax rates. Pairing the two was required, and the FLLC bought an Irish shelf registry subsidiary just for that for when it had enough income on which to defer taxes. 2010 and a few other years had been giant tax years for the LLC, and 2012-15 were big tax years in France.

38.   There were other advantages to Belize such as its statutory anti-Duress provisions, which the individual defendants have

25

repeatedly breached and caused to be breached through aggressive and unfair actions, here and in Belize. When adopted in 2013 as the new FLLC Act and domicile, it had then appeared to management and their attorneys and advisors, and to many plaintiffs that defendants could not prevail, and indeed had basically given up for lack of sufficient interests to votes. Their long-abandoned 10/30/10 "election" had plainly failed well short of 50%, they claimed was perhaps operative, and extremely short of the 66.67% really required by the OA.

39.   The new FLLC statutory provisions could have helped also in the event of a distant governance matter, say on a future merger or creditor issue, mainly by reducing litigation costs. Litigation in most Commonwealth countries is less expensive, with their lessened motion practice, less formal discovery and use of written direct testimony, fewer witnesses, no juries, and generally less aggressive practice. The longer waiting times discourage frivolous practice. Board meetings need not be there, and nearly no witnesses need to travel there, as they can take televideo testimony. Attorneys and other fees and costs are also generally less per hour or per page.

26

40.  Defendants now allege, just as they did in 2011 (when emails
     revealed that defendants knew that the AAA then applied, but
     preferred to forum shop merits determinations in court, both
     before and after the court had said no in August 2011), and in
     related 2012-13 G.E. Conway Trust and Estate matters involving
     global Cosmopolitan Shipping Co., Inc., to try to secure or
     disenfranchise votes that were held arbitrable, long before
     the clause was removed and also superseded. Defendants now
     allege that any claims are arbitrable going forward even from
     2014-6. Plaintiffs, and even the AAA dispute that.

41.  The FLLC had sought a determination in state court in 2014,
     in a different cause, that the 11/13 Todd managers election
     was not arbitrable, completely unaware that arbitral issues
     under the global OA and parties was covered by the Arbitral
     Convention, and so could and should have been brought then in
     Federal court. No FLLC or other attorney, then state-practice
     litigators, remotely knew that this OA and the foreign parties
     raised a federal treaty and statutes question as to various
     arbitral or justiciability issues. Indeed, plaintiffs only
     learned of this SMJ reality researching federal cases

27

regarding arbitrability and vacatur only recently.

42.   The AAA has never tried to take jurisdiction or SMJ over the 2/8/16 FLLC Election for example. No motion yet has been made in any jurisdiction to determine whether that 2/8/16 or 1/29/16 Elections could somehow be arbitrable, ie non-justiciable in this court, or in Belize, or to seek a determination of those Election votes. Individual defendants illegally and unfairly tried to squelch and shout down the partially telephonic Election vote meeting, despite ample notice. All opposing and abstaining votes were nonetheless counted against the 2/16 Election, but the Election still easily passed. The arbitrator purported to ban votes without his prior permission during Phase 1, but that was over. He had no more power to disenfranchise Members, and apparently did not intend to here, than he had when he purported to enjoin the Membership from authorizing legal action in the foreign place of governance pursuant to the forum clause.

43.   The FLLC OA governance contract has exclusively specified Belize law and forum, for years, in multiple signed OA's and amendments, at least seven in all. The arbitrator purported to

strike two of those, but he has not purported to take

jurisdiction or include those matters in a "phase 2"

pertaining to 2011 claims. So the FLLC, according to various

official filing Certificates (that all the parties have had

and checked for authenticity), in both the U.S. and Belize,

was at all relevant times organized and domiciled in Belize,

and numerous Members and owners, contracting parties to the OA

are foreign nationals.

44.  Any such actions by the FLLC or management have been

repeatedly ratified by the over 60%, and much higher

supermajorities, and most actions have been by such Members

directly.  This is yet another proof that the "Phase 2" AAA

local arbitration proceedings and any questions about them,

are international in nature, and so governed by the Arbitral

Convention, and so the cases involving Article 2 of the FAA.

45.  Indeed, in documents intercepted recently, which attorneys

from Norris illegally tried to suppress and misrepresent,

Norris was apparently heavily involved in fostering illegal

activities and coverup involving well over $500,000 in illegal

obligations and payments (Exhibit B) for votes and false

29

certifications, having lied and/or concealed the existence of such contracts, assignments or assumption agreements and documents to the AAA and to several judges, probable negotiation of such illegal contracts, and false and undisclosed assumption of those by the FLLC owed or guaranteed by Todd, the individual defendants  and others Norris clients. Norris purports to represent the FLLC in the AAA phase 2, while also plainly representing several individual defendants with very conflicting interests and positions.

46.  Plaintiffs seek expedited discovery of those documents and all related documents, nor any financial documents requested as Members per the LLC statute, as they relate to whom if anyone Norris can represent, and if they are a necessary witness or even to be added as a party to the case. Defendants except the AAA under Norris advice are refusing to hand over any of these highly damaging related documents involving injury to the FLLC and thereby all its owners. That prompt discovery may also facilitate any settlement or stipulations discussions, and will be relevant to the RICO and tort claims and damages.          **STATEMENT OF CLAIMS**

30

COUNT I  -- <u>**Declaratory Judgment as to Election**</u>

47.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 as if set forth at length herein.

48.   An radically different election took place both on 1/29/16 and on 2/8/16, duly noticed despite the OA never requiring much notice, which by over 60% vote, even over 67% vote of all FLLC interests voted back in the long standing Chair, executives, and other Manager/board members, and the absentee Board temporarily in de facto control of the facilities, with no industry knowledge, and evidence of wrongdoing, out.

49.  Plaintiffs seek expedited discovery of all relevant and related documents, about the $500,000 concealed debt or payment assignment from defendants to the FLLC, any similar or related acts, and all current financials and tax returns, spreadsheets and underlying records that have been produced or in draft form, or otherwise altered by defendants, or under their supervision or direction, as they relate to whom if anyone Norris can represent, and if they are a necessary witness or even to be added as a party to the case. This in conjunction of all counts here. Defendants, except the AAA,

31

under Norris advice are refusing to hand over any of these highly damaging related documents involving injury to the FLLC and thereby all its owners. That prompt discovery may also facilitate any settlement or stipulations discussions, and will be relevant to the RICO and tort claims and damages.

50.  Plaintiffs seek an interim determination that Norris may not serve as either Todd's attorney or the FLLC's attorney, much less both herein, due to various clear conflicts of interest, and Norris' attorneys being a material witness in this case, or even a future party to this case upon full discovery, due to their own behavior against the FLLC it purports to represent, regarding large payments and/or obligations such as the $500,000 evidenced in exhibit A, and in interim discovery as to illegal payments,  and contrary to its key employees and its investors or owners to whom Norris owed various duties under the law.

51.  Plaintiffs ask that Norris be suspended from representing any defendants herein and especially the FLLC during these proceedings unless or until they can show that their behaviour in 2013 through the present has been in all respects legal and

32

ethical. Plaintiffs ask for a hearing on the various areas of unethical behavior and obstruction of justice, and acting as witnesses and inappropriately by Norris attorneys David Roberts and others, which has materially harmed the FLLC and it's investors, and placed Norris in the position of either being a party or a material witness in these proceedings

**WHEREFORE,** Plaintiffs request that the Court:

a. Award judgment in favor of plaintiff and against individual defendants of a declaration that the 2/8/16 Manager Election achieved the proper threshold to remove the Todd managers and reinstate the previous Board and executives.

b. Award any interim relief as appropriate to stay any arbitral proceedings that may seek to address issues after the previous election date of 11/13 for lack of a valid existing arbitral clause; Should the Court at any time determine that the AAA lacks SMJ on any current claims in arbitration, by virtue of the absence of a valid existing arbitration clause in the FLLC OA at the appropriate point in time going forward, that the court

33

declare to the AAA and to the defendants and the FLLC

that, those claims shall be stayed pursuant to the <u>FAA,</u>

pending adjudication in this Court or another competent

court, and

c. Award plaintiffs the costs of suit, attorneys' fees,

jointly and severally against defendants; and

d. Grant plaintiffs such other and further relief that the

Court considers just and proper.

### COUNT II -- <u>Damages for Breach of Fiduciary Duty</u>

52.   Plaintiff repeats and realleges the allegations contained in

paragraphs 1 through 51 as if set forth at length herein.

53.   Individual defendants since taking "power" on the morning of

2/8/16, and well before by impersonating the Board or officers

before various NYC banks such as Bank of America and Merrill

Lynch, before employees and other parties, and many other

global commercial third parties, and in the over $500,000

contract and other similar self or illegal "deals" breached

their fiduciary duties as acting managers and/or members or

owners in harming the FLLC and other plaintiffs.

54.   As a result of individual defendants' breaches, plaintiffs

34

owners and/or the FLLC have been damaged in the sum of \$
millions, which can better be determined upon full discovery.

**WHEREFORE**, Plaintiffs request that the Court:

a. Award judgment in favor of plaintiff and against
   defendants, jointly and severally, consequential,
   incidental and special damages;

b. Award plaintiffs the costs of suit, attorneys' fees and
   prejudgment interest; and

c. Grant plaintiffs such other and further relief that the
   Court considers just and proper.

## COUNT III -- RICO Conspiracy by defendants to harm the FLLC while enriching themselves

55. Plaintiff repeats and realleges the allegations contained in
    paragraphs 1 through 54 as if set forth at length herein.

56. The individual defendants conspired secretly and illegally
    among themselves to cover up and commit illegalities
    especially during 2014-17 while claiming nothing of the kind
    was going on, withholding all discovery on their illegalities,
    sponsoring defendant Audalla and giving him apparent authority
    to commit acts against the LLC, knowing what he might be up to

35

and that they had no authority to speak for the FLLC but did so with apparent authority.

57.  Some of those acts constituted wire fraud or SEC fraud and similar violations. They covered up those acts by not reporting them, indeed sanctioning and authorizing many or all, because they had so much money themselves and the FLLC was just a plaything to them, a tool to gain power and privilege and to enrich themselves or foist their personal debts on the FLLC, and before 2/16 to create havoc inside and disrupt and pressure the FLLC so that they could gain power in the chaos they engendered.

58.  As a result of individual defendants' breaches, plaintiffs-owners and/or the FLLC have been damaged in the sum of $ millions, before trebling the damages, which can better be determined upon full discovery.

**WHEREFORE,** Plaintiffs request that the Court:

   a. Award judgment in favor of plaintiff and against individual defendants,  jointly and severally, treble consequential, incidental and special damages pursuant the RICO statute;

36

    b.  Award plaintiffs the costs of suit, attorneys' fees and prejudgment interest; and

    c.  Grant plaintiffs such other and further relief that the Court considers just and proper.

**COUNT IV -- <u>Declaratory Judgment as to AAA LCC Rules</u>**

59.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 58 as if set forth at length herein.

60.  Since the AAA LCC Rules, as to phase 2 claims that were so amended as to make them that in 6/16, to the extent the AAA is not stayed under count 1, and is found to have any valid arbitration clause with respect to some or all of the phase 2 claims, become part of the OA contract with the alleged arbitration clause, then the plaintiffs and all parties are entitled to invoke their contractual rights that they be followed in such Phase 2.

**WHEREFORE,** Plaintiffs move by Order to Show Cause that the Court:

    a. Award interim relief in an Order prohibiting any party from informing the AAA Regular Claims sole arbitrator of the nature or grounds or anything about these federal

37

proceedings, as they may prejudice him in the meantime, or in general.

b. Award a declaratory judgment in favor of plaintiffs declaring to the AAA that it is unlawful for them not to, and they should lawfully follow the LCC Rules as written and part of any OA containing any valid arbitration clause, to allow all the Phase 2 parties to meet with the AAA in an Administrative Conference to go over the qualifications of arbitral panel candidates and discovery and other LCC procedures and allowances, from the more experienced and trained LCC List, aka the Roster of Neutrals as to '11 arising claims;

c. declaring that the AAA should discontinue its authorization for the sole arbitrator which the AAA, or prior parties, and not the present Phase 2 parties, has selected, and from the wrong list, on a much and fewer dollar claims, and without the required initial LCC conference without any arbitrator candidates; proceedings wrongly commenced as per AAA Regular Rules for a smaller, differing phase and case with fewer and

38

vastly differing party claimants, only one a
defendants/respondent in 2011;and vastly differing Todd
claimants, then respondents in Phase 1 in 2011.

d. setting a date for each party or party representative
receiving lists of such LCC arbitrator names to be ranked
by secret ballot one through five per each candidate, per
the Rules and sent to the AAA for tabulation in
accordance with AAA practice for a LCC of the default and
requested three person panel from the ranked lists in the
customary fair fashion; this since discovery is not even
half over and no evidentiary proceedings have begun,
parties are still changing, and may still as a result of
this action or not, assuming the '11 Phase 2 claims are
arbitrable at all, considering Todd has brought in claims
arising in 2014 through the present into a '11 referral
long after the arbitration clause was removed and/or
superseded by governing statute.

e. Award plaintiffs costs of suit and/or attorney's fees
against the AAA for willfully or knowingly ignoring the
LCC rules for a newly LCC case with new LCC parties and

39

matters;

f. Should the Court at any time determine that the AAA lacks
SMJ on the 2016 "phase 2" claims by virtue of the absence
of a valid existing arbitration clause at the appropriate
point in time going forward, that the court declare to
the AAA and to the defendants and the FLLC that, those
claims shall be stayed pursuant to the FAA, pending
adjudication in this Court or in another competent court,
and

g. Grant plaintiffs such other and further relief that the
Court considers just and proper.

Bradley L. Conway<br>
Pro se lead plaintiff, and as trustee for Belize AC FLLC<br>
Voting Trust, & for Jane and John Roe Plaintiffs

By: _____
Bradley L. Conway
25 Egbert Ave.
Morristown, New Jersey 07960
brdconway@gmail.com
973-944-0797

Dated: October 23, 2017

**Plaintiff Information:**
Bradley L. Conway: (lead plaintiff, as Trustee, and for the Does:
25 Egbert Ave,Morristown,NJ 07960  973 944-0797  brdconway@gmail.com


**Defendant Information:**

Hazim Audalla:,Bracewell,attn R.Philp,1251 Ave.Americas,NY,NY,
10020-1104 ryan.philp@bracewellaw.com
Charles Fabrikant: 249 South Wood Road,Palm Beach, FL 33480
clf@ckor.com; charles.fabrikant@fabrikantgroup.com 561 3074515
G.Todd Conway:93 Village Rd,Green Village,N.J,10535 9737479921
   tconway909@aol.com
Fred Farkouh,Farkouh firm,460 Park Ave.NY,NY 10022
ffarkouh@fffcpas.com 212 2455900
American Arbitration Ass.,120 Broadway,Floor 21,NY,NY 10271
 212 7165800 hysont@adr.org
Autoclear LLC, defendant or necessary party,various addresses in
Canada,Philippines,NJ,France, including: 2 Gardner Rd,
 Fairfield, NJ 07960 tconway909@aol.com 973 276-6161

<u>VERIFYING CERTIFICATION</u>

By signing below I certify to the best of my knowledge, information
and belief that: 1) the complaint is not being presented for an
improper purpose (such as to harass, cause unnecessary delay, or
needlessly increase the cost of litigation); 2) the claims are
supported by existing law or by a nonfrivolous argument to change
the law; 3) the factual contentions have evidentiary support or, if
specifically so identified, will likely have evidentiary support
after a reasonable opportunity for further investigation or
discovery; and 4) the complaint otherwise complies with the
requirement of F.R.C.P. 11. I agree to notify the Clerk's Office in
writing of any changes to my mailing address. I understand that my
failure to keep a current address on file may result in the
dismissal of this case.
        I have  read  the Verified Complaint to which this
certification is annexed. the facts stated in the Verified
Complaint are true.
 I hereby certify that the foregoing statements made by me are
true. I am aware that if any of the foregoing statements made by me
are willfully false, I am subject to punishment.

10/23/17       Bradley L. Conway,lead plaintiff,pro se
Dated

41

**Brad Conway**
**25 Egbert Ave.**
**Morristown, NJ 07960**
**973 944-0797**
brdconway@gmail.com


VERIFYING CERTIFICATION

By signing below I certify to the best of my knowledge, information
and belief that: 1) the complaint is not being presented for an
improper purpose (such as to harass, cause unnecessary delay, or
needlessly increase the cost of litigation); 2) the claims are
supported by existing law or by a nonfrivolous argument to change
the law; 3) the factual contentions have evidentiary support or, if
specifically so identified, will likely have evidentiary support
after a reasonable opportunity for further investigation or
discovery; and 4) the complaint otherwise complies with the
requirement of F.R.C.P. 11. I agree to notify the Clerk's Office in
writing of any changes to my mailing address. I understand that my
failure to keep a current address on file may result in the
dismissal of this case.
   I hereby certify that the foregoing statements made by me are
true. I am aware that if any of the foregoing statements made by me
are willfully false, I am subject to punishment.

10/23/17                Bradley L. Conway,plaintiff trustee
Dated                     of Belize AC FLLC Voting Trust (fka
                        Egbert Ave.Voting Trust)

**Brad Conway**
**25 Egbert Ave.**
**Morristown, NJ 07960**
**973 944-0797**
brdconway@gmail.com

VERIFYING CERTIFICATION

By signing below I certify to the best of my knowledge, information

42

and belief that: 1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); 2) the claims are supported by existing law or by a nonfrivolous argument to change the law; 3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and 4) the complaint otherwise complies with the requirement of F.R.C.P. 11. I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file may result in the dismissal of this case.

 I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

10/23/17                     Bradley L. Conway, lead plaintiff for 3
Dated                             John and 2 Jane Roe plaintiffs

**Brad Conway**
**25 Egbert Ave.**
**Morristown, NJ 07960**
**973 944-0797**
brdconway@gmail.com

43

# EXHIBIT A

### Minutes of Members' Meeting

Autoclear LLC ("LLC") Members at the Meeting reinstate the three-man class A and B Board, namely Dr. Yaw Lin, Brad Conway and Roy Rondoe, along with the Protecting Class C Managers Van Fan, *& Qusai Al-Abbadi*, as the actual, legal, present, and ongoing Board. Any other purported Managers are proposed to be voted off, and any choices of purported interim CEO such as Todd Conway also off, and any LLC Officers prior to Monday February 8, 2016 ratified and reinstated., *at 12:30 PM. All dial-in comments by an investor claiming to be a member having been heard on notice, and all absent Members deemed to vote against. The election carries by Supermajority vote.*

_____, member

*Gail Zweig*

By *Brad Conway* *per*
proxy *dated 3/28/13*

_____, member

*FAN TE FENG*, member

Kathryn B. Conway

By Brill *** per proxy
dated 4/14/3

_____

_____

_____

_____

_____

G. Rex RONDOE , member

Quen F. AL-ABBADI

Qusai Al Abbadi , Manager
& member

_____

_____

_____

_____

_____

Minutes of 2/8/16 Member's Meeting Electing Managers & Removing All Purported Managers &
CEO Todd

Kathryn B. Conway, Member

By Smith, per proxy
dated 4/4/3

Yawkuen Lin, member

G. Roy Rondoe, member

Minutes of 2/8/2016 members Meeting Electing Managers & Removing purported Managers & CEO Todd

Dennis Cunningham, member

Alona Castro, member

Olgaxin Yeun, per proxy
dated 11/4/15

2/8/2016
Minutes of Members' Meeting Electing Managers & Removing Purported Managers & CEO Todd.

_____
For 25 Egbert Voting
Trust, dated April 7, 2014, Member

_____
Lou Tary , member
By Bradley , Per Proxy
dated 5/17/13

_____
Bojorm Hadzirfejzovic , member

_____
NEL UNSAY , member

_____
ED SNUCA , member

_____
DAO HINH NGUYEN , member

_____
Brad Conway , Member
[Redundant with Voting Trust]
[as with three minor grandchildren
in Voting Trust]

_____
Jessica Conway , Member
By Bradley , Per proxy dated
12/29/14

_____
MARION J JASY , member

_____
Joan Caruso , member

_____
Dulcinea Conway , member
By Brad Conway , per
proxy dated 4/11/13

_____
James G. Conway , Member
By Bradley , By proxy dated
5/14/13

_____
Granville K. Conway , Member
By Brad Conway , Per proxy
dated 5/14/13

_____
Kathryn T. Conway , Member
By Brad Conway , Per proxy
dated 5/14/13

Minutes of 2|8|16 Members' Meeting Electing Managers & Removing All Purported managers & Purported CEO Todd

_____          _____

_____          _____

_____          _____

                                  Roger GoddARd , member

_____          _____

_____          _____

_____          _____

By email delivery:                                                  February 8th, 2016

G. Todd Conway          Fred Farkouh        R. Christopher Regan     Hazim Audalla

Charles Fabrikant       David Bondy         Mary Ellen Matthews      Barbara J. Bailey


     We constitute and speak on behalf of the duly elected Managers of Autoclear LLC, a Belize limited liability company (the "LLC"). We have been duly elected by overwhelming vote on Monday, February 8, 2016, at 12.35 pm. A copy of such recorded vote is available to you upon your request.

    Please be advised of the following:

1. You are instructed to take no action on behalf of the LLC anywhere in any capacity.

2. You will be strictly, and jointly and severally liable for any action(s) taken by you or by others upon the instructions of any of you without our prior written approval, which action(s) causes damages to the LLC, its Members or investors. Because you will be operating the Company without legal authority (including under the laws of Belize, its applicable statutes and its exclusive mandatory jurisdiction and forum, or pursuant to the present Operating Agreement as well as prior Agreements, as amended and of other countries which inevitably follow the jurisdiction and laws of the LLC's exclusive place of domicile), the business judgment rule will not be available to protect you from any such actions taken by any of you above, or by others upon any of your instructions.

3. You will not be reimbursed or indemnified in any manner for any such actions taken by you or by others upon the instructions of any of you. Because any such actions by any of you are without any legal authority, the advancement and indemnification provisions of either the Company's Operating Agreement as amended or applicable Belize law will not be available to any of you to pay for any defense of such actions.

Please be guided accordingly.


Nan Fan, manager
& Member

Brad Conway, manager
& Member

G. Roy Ryndoe, Manager
& member

Yaw-Kuen Lin, manager
& member

QUSAI F. AL-ABBADI
Qusai Al Abbadi, Manager
& member

Exhibit B

# BRACEWELL

*SUBJECT TO N.J.R.E. 408 AND ALL OTHER APPLICABLE RULES*

August 22, 2017

<u>By FedEx and Email</u>

G. Todd Conway
Chief Executive Officer
Control Screening, LLC (a/k/a
AutoClear LLC)
2 Gardner Road
Fairfield, New Jersey 07004

Re:   *Control Screening, LLC v. Conway et al.*, Case No.: 18 20 1100 0608

Dear Mr. Conway,

I am writing to follow-up on my letter to you dated November 22, 2016 (the "Demand Letter") with respect to Control Screening, LLC's (the "Company") obligation to reimburse Hazim Audalla's legal fees pursuant to the Settlement Agreement dated July 3, 2013 between Mr. Audalla and the Action Group (the "Agreement"). *See* ¶ 5(a). In Mr. Roberts' December 16, 2016 response to the Demand Letter, the Company "acknowledge[d] that it owes Mr. Audalla $500,000 in legal fees" but stated that the Company "is simply not in a financial position to begin making such payments at this time." Mr. Roberts further indicated that "[w]e will make every effort to keep you fully informed as to our progress." Since that time, we have not received any additional information from the Company.

Accordingly, we are writing to renew our request that the Company promptly remit $500,000 to the Firm as required by the Agreement. As before, I welcome a discussion regarding this matter. In the meantime, we reserve all rights and remedies.

Sincerely,

Mark C. Evans
Co-Chairman

Mark C. Evans
Co-Chairman

T: +1.713.221.1300       F: +1.713.221.1118
711 Louisiana Street, Suite 2300, Houston, Texas 77002-2770
mark.evans@bracewell.com       bracewell.com

AUSTIN   CONNECTICUT   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   SAN ANTONIO   SEATTLE   WASHINGTON, DC

# BRACEWELL

August 22, 2017
Page 2


cc:    David C. Roberts, Esq.
        Deana Koestel, Esq.
        Ryan M. Philp, Esq.

# M Gmail

Brad C <brdconway@gmail.com>

## Letter to Mr. Conway from Mark C. Evans, Bracewell
1 message

**Walker, Rhonda** <rhonda.walker@bracewell.com>
Tue, Aug 22, 2017 at 3:53 PM
To: "brdconway@gmail.com" <brdconway@gmail.com>
Cc: "dcroberts@nmmlaw.com" <dcroberts@nmmlaw.com>, "dkoestel@nmmlaw.com" <dkoestel@nmmlaw.com>, "Philp, Ryan" <ryan.philip@bracewell.com>

Mr. Conway,

On behalf of Mark Evans, please see the attached letter. An original copy was sent via Federal Express.

Regards,

---

**RHONDA WALKER**

Assistant to Mark Evans, Patrick Oxford

rhonda.walker@bracewell.com

T: +1.713.221.1483 | F: +1.800.404.3970

**BRACEWELL LLP**

711 Louisiana Street Suite 2300 | Houston, TX | 77002-2770

bracewell.com | download v-card

CONFIDENTIALITY STATEMENT
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

 **Letter to Mr. Conway.PDF**
196K

M Gmail

Brad C <brdconway@gmail.com>

# Fwd: Recall: Letter to Mr. Conway from Mark C. Evans, Bracewell

1 message

**Brad C** <brdconway@gmail.com>
Reply-To: brdconway@gmail.com
To: "Robert C. Garofalo" <garofalo@garofalopa.com>, dcroberts@mmmlaw.com, Katy Conway <katy.conway@gmail.com>, "Denise A. States"
<dstates@garofalopa.com>, lou tang <ltang2K@gmail.com>

Wed, Aug 23, 2017 at 2:21 AM

---------- Forwarded message ----------
From: **Walker, Rhonda** <rhonda.walker@bracewell.com>
Date: Tue, Aug 22, 2017 at 4:09 PM
Subject: Recall: Letter to Mr. Conway from Mark C. Evans, Bracewell
To: "brdconway@gmail.com" <brdconway@gmail.com>
Cc: "dcroberts@mmmlaw.com" <dcroberts@mmmlaw.com>, "dkoestel@mmmlaw.com" <dkoestel@mmmlaw.com>, "Philp, Ryan" <ryan.philp@bracewell.com>

Walker, Rhonda would like to recall the message, "Letter to Mr. Conway from Mark C. Evans, Bracewell".

--
973 944-0797   Brad Conway.  The information contained in this message is intended only for the personal and confidential use of the designated recipients named above. If the reader of this is not the intended recipient, you are hereby notified that you and if so may not use it. If so, please notify me by reply email and delete the original message. This message may be an attorney-client communication or contain work product, as the sender is a licensed attorney, and as such may or would be privileged and confidential.